**SHAUGUANG WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70088.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 16, 2008.

Shauguang Wang, Green Baypark, pro se.

DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Norah Ascoli Schwarz, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Shauguang Wang, a native and citizen of China, petitions pro se for review of a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence in the record supports the agency's determination that Wang failed to establish eligibility for asylum and withholding of removal, because she did not provide evidence indicating that she was or would be targeted on account of a protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170–72 (9th Cir.2005).

Finally, because Wang has not shown that it is more likely than not that she will be tortured if she returned to China, substantial evidence supports the IJ's denial of CAT relief. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.